## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONOVAN CHRISTIE,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.:** |
| **ADTALEN GLOBAL EDUCATION, INC., WELLSTAR HEALTH SYSTEM, INC.** | |
| **Defendants.** | |

## AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Donovan Christie ("Plaintiff"), by and through his undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

### I.      NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages and reasonable attorney fees for Defendant's violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981").

## II.      ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII.   Plaintiff filed his charge of discrimination against Defendants WELLSTAR HEALTH SYSTEM and ADTALEN GLOBAL EDUCATION, INC. ("Defendants") with the EEOC, and the EEOC issued its Notice of Right to Sue on May 8, 2022.

3.

Plaintiff timely filed this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## III.      JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b)

5.

Defendant Wellstar Health System's headquarters is located within this district, and Adtalen Global Education, Inc. does business within this district.   In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

## IV.      __PARTIES__

6.

Plaintiff is an African American male citizen of the United States of America, and is subject to the jurisdiction of this Court.

7.

At all times relevant Defendants were qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendants now and at all times relevant hereto, have been a domestic for-profit corporation engaged in an industry affecting commerce.  During all times relevant hereto, Defendants have employed fifteen (15) or more employees for the requisite duration under Title VII.  Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant Adtalen Global Education, Inc. may be served with process through its registered agent at the following address: Triumph Research Specialists Agents, Inc., 279 W. Crogan Street, Lawrenceville, GA, 30046, USA.

10.

Defendant Wellstar Health System, Inc. may be served with process through its registered agent at the following address: Leo E. Reichert, 793 Sawyer Road, Marietta, GA, 30062, USA.

## V.      **FACTUAL ALLEGATIONS**

Plaintiff is an African American (Jamaican Descent) previous employee who, during the relevant time period, worked at Defendants as a Preceptor and as Clerkship Director and Director of Medical Education (DME) for Defendant Adtalen Global Education, Inc d/b/a Ross School of Medicine Medical Students at Defendant Wellstar site for Clinical Clerkship and Electives as part of a joint employer relationship between the two entities.

11.

During Plaintiff's employment at Defendants, he applied for numerous positions in which he was qualified for but was not selected for none of these positions.

12.

For one particular position, Defendants left the position open for several months after his application had been submitted, only to fill the position with a Caucasian employee who had substantially less experience than Plaintiff.

13.

Defendants did not even afford Plaintiff with an opportunity to interview for this position or any other position he had applied for.

14.

In January 2021, Defendants informed Plaintiff that it wanted to change his reporting relationship so that he reported directly to Defendant Adtalen, in an attempt to remove his affiliation with Defendant Wellstar.  Plaintiff was assured that his salary would remain the same.

15.

In April 2021, Plaintiff received the updated terms of this contract which included a deduction in his pay by $5,000, with no consideration to make the contract effective.

16.

In March 2021, Plaintiff received a notice from Defendant Adtalen that he had received a poor review from a student.

17.

It was common for preceptors to receive isolated poor reviews from students. Chief of Surgery (Caucasian), Chief of Orthopedics (Caucasian), Chief of Family Medicine (Caucasian), and Assistant Chief (Caucasian) had all received a poor performance review from a student in the past, but none of these professors who were similarly situated to him had been terminated.

18.

On September 9, 2021, Plaintiff submitted a complaint to Defendant Adtalen Human Resources in which he claimed he was being discriminated against on the basis of his race.  On September 21, 2021, Plaintiff received a Notice of Termination from RUSM "without cause."

19.

On October 20, 2021, Plaintiff's termination became effective. Plaintiff was never provided with a reason for his termination when asked, and the Employers failed to provide any substantive feedback to him.

20.

Defendants clearly treated Plaintiff less favorably than it did his comparators outside of his protected group. Any reasons for its actions against Plaintiff will be seen as pretext.

## VI.     <ins>CLAIMS FOR RELIEF</ins>

## <ins>COUNT ONE:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII</ins>

21.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

22.

Defendants' actions in subjecting Plaintiff to ongoing race discrimination constitute unlawful discrimination on basis of Plaintiff's race in violation of Title VII.

23.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

24.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect his status as an employee because of his race.

25.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

26.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

**COUNT TWO:  VIOLATION OF 42 U.S.C. § 1981
(RACE DISCRIMINATION AND RETALIATION)**

27.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

28.

Defendants subjected Plaintiff to discrimination and harassment on the basis of his race.

29.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

30.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

31.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

32.

As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

33.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

34.

Defendants chose not to take appropriate remedial steps to prevent or correct the harassment.

**WHEREFORE**, Plaintiff judgment as follows:

(a)        General damages for mental and emotional suffering caused by Defendants' misconduct;

(b)        Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c)        Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)        Reasonable attorney's fees and expenses of litigation;

(e)        Trial by jury as to all issues;

(f)        Prejudgment interest at the rate allowed by law;

(g)        Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h)        Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i)        All other relief to which he may be entitled.


Respectfully submitted the 5th day of August, 2022.

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:    (404) 965-1682
Email: *jstephens@forthepeople.com*
